UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIBUZOR ONUOHA,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2615

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a § 1226(a) bond hearing. (Pet., ECF No. 1, PageID.8.)

In an order entered on September 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on September 25, 2026. (ECF No. 5.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Nigeria. (Notice to Appear (NTA), ECF No. 5-1, PageID.24.) Petitioner entered the United States in 2016 "as a nonimmigrant Visitor for Pleasure with authorization to remain in the United States for a temporary period not to exceed December 6, 2016." (*Id.*)

On September 6, 2025, DHS issued and served a warrant for Petitioner's arrest and thereafter detained Petitioner. (Form I-200, ECF No. 5-2, PageID.28; *see* Resp., ECF No. 5, PageID.16.) DHS issued Petitioner a Form I-862, NTA, on September 6, 2025, charging Petitioner with removability under Immigration and Nationality Act (INA) "[s]ection 237(a)(1)(B) . . . [because he] ha[d] remained in the United States for a time longer than permitted." (NTA, ECF No. 5-1, PageID.24.)

Respondents have not provided Petitioner an individualized bond hearing before an immigration judge as contemplated by 8 U.S.C. § 1226(a).[1]

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

[1] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c). On October 6, 2025, the Detroit Immigration Court ordered Petitioner removed to Nigeria. (Order Immigration Judge, ECF No. 5-3.) Petitioner filed an appeal to the Board of Immigration Appeals (BIA), which remains pending. (Resp., ECF No. 5, PageID.16; BIA Filing Receipt, ECF No. 5-4.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Discussion**

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *cf. Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals] [(]BIA[)].'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, Petitioner asks the Court to order his immediate release or to order Respondents to hold a bond hearing pursuant to 8 U.S.C. § 1226(a). (Pet., ECF No. 1, PageID.8.)

Respondents, through counsel, acknowledge that § 1226 governs Petitioner's present detention because he overstayed his visa after being lawfully admitted to the United States, and they concede that he "may request a bond hearing," in Immigration Court under § 1226(a). (Resp., ECF No. 5, PageID.17.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (*Id.*, PageID.17–20.)

There is no indication in the record presently before the Court that Petitioner has requested a bond hearing under § 1226(a) in Immigration Court. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case. Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice.[2]

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 7, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

[2] If contrary to Respondents' concession in their brief, when Petitioner requests a bond hearing in Immigration Court, Respondents do not in fact provide Petitioner with a § 1226(a) bond hearing where the Immigration Judge concludes that he or she has jurisdiction to consider the bond request, then Petitioner would be free to file a new § 2241 petition requesting that this Court order Respondents to provide Petitioner with a § 1226(a) bond hearing.